IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAL HUWEIH,<br><br>              Plaintiff,<br><br>     v.<br><br>US BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al.,<br><br>              Defendants. | Case No. 16-cv-00421-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Before the Court is the "Motion to Dismiss the Complaint," jointly filed February 1, 2016, by defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), Caliber Home Loans, Inc. ("Caliber"), and Summit Management Company, LLC ("Summit"). Plaintiff Amal Huweih ("Huweih") filed opposition on October 24, 2016, to which defendants replied on October 28, 2016.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

On or about July 1, 2008, Huweih executed a promissory note ("Note") and deed of trust ("DOT," collectively, the "Loan") with Bank of America ("BofA"). (See Compl. Ex. A; Compl. ¶¶ 7-8). Huweih alleges that "BofA sold [her] Loan between July 1, 2008 and December 31, 2008." (See Compl. ¶ 11).

---

[1] By order filed February 11, 2016, the Court referred the case to the district court's Alternative Dispute Resolution Unit and suspended briefing on the motion. The briefing schedule was reset by court order on September 9, 2016.

[2] By order filed November 15, 2016, the Court took the matter under submission.

On April 2, 2015, T.D. Service Company recorded in Alameda County an "Assignment of Deed of Trust" in which Caliber, purportedly as BofA's "Attorney-in-Fact," stated BofA "hereby assign[s] and transfer[s] to [U.S. Bank] all its right, title and interest in and to [the DOT]." (See Compl. Ex. B; Compl. ¶¶ 11, 17-18).

On July 17, 2015, Caliber recorded in Alameda County a "Substitution of Trustee" ("SOT"), in which Caliber, purportedly as U.S. Bank's "Attorney in Fact", stated U.S. Bank "hereby substitutes [Summit] . . . as Trustee under [the DOT]." (See Compl. Ex. C; Compl. ¶ 12). Also on July 17, 2015, Summit recorded in Alameda County a "Notice of Default and Election to Sell Under Deed of Trust," ("NOD"), in which Summit stated Huweih owed $168,678.66 as of July 15, 2015. (See Compl. Ex. E; Compl. ¶ 21).

On October 16, 2015, Summit recorded in Alameda County a "Notice of Trustee's Sale" ("NOTS"), in which Summit stated Huweih owed $583,212.31 and that, unless she took action, her property could be sold at a public sale on November 18, 2015 at 12:30 PM. (See Compl. ¶ 14, Ex. D). According to Huweih, the notice "was not posted on [Huweih's] [p]roperty within 20 days" of the scheduled sale. (See Compl. ¶¶ 15, 84.)

To date, no foreclosure sale has taken place. (See Opp. at 7:16, 10:22, 12:5-6; Reply at 5:23, 7:14, 7:24-26; see also Mot. Expunge, filed Dec. 19, 2016, at 1:18-21.)

Huweih alleges defendants have attempted to engage in an "illegal and wrongful foreclosure" (see Compl. ¶ 1) for the reason that (1) "no legal transfer of any interest under the [DOT] or Note to U.S. Bank ever occurred because BofA sold [Huweih's] Loan on or before December 31, 2008" (see id. ¶ 19); (2) defendants failed to comply with "California's foreclosure prevention laws" (see id. ¶65); and (3) defendants "initiated an unlawful foreclosure in violation of the [DOT]" (see id. ¶ 45).

Based thereon, Huweih asserts seven causes of action, titled, respectively, "Breach of Contract," "Cancellation of Instruments Cal. Civ. Code § 3412," "Violation of Bus. and Prof. Code § 17200, Et. Seq.," "Violation of Civil Code § 2924(a)(6) & 2924(f)," "Declaratory Relief," "Violation of California Civil Code § 2923.5 & 2923.55," and "Violation of California Civil Code Section 2923.6."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

**A. First Cause of Action: "Breach of Contract"**

In the First Cause of Action, Huweih alleges defendants have breached paragraphs 14, 22, and 24 of the DOT.[3] The Court agrees with defendants that Huweih

---

[3] Although Huweih, throughout her complaint, alleges defendants are not parties to the DOT or the Loan, she brings the First Cause of Action under an alternative theory "in the unlikely event that [d]efendants own the Loan." (See Opp. at 12:18-20.)

3

fails to adequately plead the requisite supporting facts. See Iqbal, 556 U.S. at 678-79 (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions).

In particular, Huweih alleges defendants breached paragraph 14 of the DOT, which provides for the type of fees chargeable to Huweih in connection with a default (see Compl. Ex. A, ¶ 14), "by unilaterally and without any basis adding fees and charges" (see Compl. ¶ 47). Huweih alleges there is a "discrepancy" between the amount owed as set forth in the NOTS as opposed to the NOD (see id.), but fails to allege how any such difference is attributable to an addition of fees and charges in breach of paragraph 14.

Next, Huweih alleges defendants breached paragraph 22 of the DOT, which permits the lender to accelerate Huweih's payment obligations after providing her with 30 days' notice of her default and an opportunity to cure. (See Compl. Ex. A, ¶ 22). In support thereof, Huweih alleges defendants "fail[ed] to give notice of their intent to accelerate the terms and conditions of the [DOT]" (see Compl. ¶ 48), but fails to specify when or under what circumstances such acceleration occurred or whether, had Huweih been provided thirty days' notice, Huweih would have been able to cure any default.

Lastly, Huweih alleges defendants breached paragraph 24 of the DOT, which provides the procedure by which the lender may substitute a successor trustee (see Compl. Ex. A, ¶ 24). According to Huweih, the SOT "was executed by an entity with no relation to [Huweih's] Loan." (See Compl. ¶ 13.) As noted above, however, for purposes of the First Cause of Action, Huweih assumes defendants are parties to the DOT. Consequently, Huweih fails to allege sufficient facts to support a finding that U.S. Bank's substitution of Summit as trustee breached paragraph 24.

Accordingly, the First Cause of Action is subject to dismissal. Although defendants seek dismissal of all claims without leave to amend, the Court will afford Huweih leave to amend to cure the deficiencies identified above. See Balistreri, 901 F.2d at 701 (holding leave to amend "should be granted if it appears at all possible that the plaintiff can correct the defect") (internal quotation and citation omitted).

4

**B. Second Cause of Action: "Cancellation of Instruments Cal. Civ. Code § 3412"**

In the Second Cause of Action, Huweih seeks cancellation of the SOT, NOD, and NOTS on the ground each such written instrument is void.

Huweih first alleges the assignment recorded in April 2015, whereby BofA purported to transfer its beneficiary interest in the DOT to U.S. Bank, is void for the asserted reason that "BofA sold [Huweih's] Loan between July 1, 2008 and December 31, 2008." (See Compl. ¶ 11).[4]  Consequently, Huweih alleges, the SOT, NOD, and NOTS, all of which were recorded on behalf of U.S. Bank as the purported holder of the beneficiary interest in the DOT, are void and subject to cancellation. (See id. ¶¶ 53, 55).

At the outset, defendants contend the causes of action that rely on such theory are subject to dismissal because Huweih lacks standing to challenge defendants' right to foreclose before a foreclosure sale has occurred.  See, e.g., Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 511 (2013) (noting "California courts have refused to delay the nonjudicial foreclosure process by allowing . . . preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure.").  Although, as Huweih points out, the California Supreme Court recently held that "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment," see Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919, 924 (2016), such holding was expressly limited to post-foreclosure challenges, see id. ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed.").[5]

---

[4] Huweih raises, for the first time in her opposition, an additional reason, namely that the 2015 assignment is void because BofA "had previously assigned its interest in the Loan in 2011" to BAC Home Loans Servicing, LP.  (See Opp. at 3:3-11.)  The Court has not considered such assertion, as it does not appear as an allegation in the complaint.

[5] As to defendants' argument that Huweih's claims are subject to dismissal because she has failed to allege "that she is willing and able to tender the full amount of the indebtedness on the loan" (see Mot. at 5:25-28), however, the Court agrees with Huweih such tender is not required where, as here, a plaintiff seeks to prevent a

5

Moreover, even assuming, arguendo, Huweih has standing to bring her claim, she has not alleged sufficient facts to support her assertion that the challenged assignment is void due to a prior sale. Although Huweih alleges "BofA sold [Huweih's] [l]oan between July 1, 2008 and December 31, 2008" (see Compl. ¶ 11), she fails to identify the individual or entity to whom the Loan allegedly was sold or the factual basis for her allegation such sale occurred. See Iqbal, 556 U.S. at 678-79.

Accordingly, to the extent the Second Cause of Action is predicated on the theory that the assignment is void, it is subject to dismissal with leave to amend. Should Huweih choose to file an amended complaint, she may only reassert such claim in the event her property has, in the interim, been sold by defendants and she must allege sufficient facts to support any allegation that her Loan was sold to a third party.

Huweih next seeks cancellation of the NOD on the additional ground that defendants "failed to comply with the mandatory notice procedures prior to recording a [NOD] under Cal. Civ. Code § 2923.5 and § 2923.55." (See Compl. ¶ 54). Citing Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010), Huweih contends defendants' "[f]ailure to comply with Cal. Civ. Code § 2923.5 renders a [NOD] void." (See Compl. ¶ 54). Under Mabry, however, cancellation is not an available remedy for a violation of § 2923.5. See Mabry, 185 Cal. App. 4th at 233 (holding "the only remedy provided [under § 2923.5] is a postponement of the sale before it happens") (emphasis in original). Similarly, cancellation is not a remedy for a violation of § 2923.55. See Aguirre v. Wells Fargo Bank, N.A., No. CV 15-1816-GHK (MRWx), 2015 WL 4065245, at *4 (C.D. Cal. July 2, 2015) (holding "the only remedy for a violation of § 2923.55 when no trustee's sale has occurred yet, is to delay foreclosure until the statute has been complied with").[6]

---

foreclosure sale and alleges the foreclosure sale is void. See, e.g., Pfeiffer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250, 1280 (2012) (noting "[c]ourts . . . have not required tender when the lender has not yet foreclosed" or the complaint alleges the "foreclosure sale is void").

[6] Huweih's purpose in citing both § 2923.5 and § 2923.55 is not clear from the complaint and should be clarified in any future pleading. See Aguirre, 2015 WL 4065245, at *4 n.2 (noting "[s]ection 2923.5 is for entities that foreclosed on 175 or fewer residential

6

1  Accordingly, to the extent the Second Cause of Action is predicated on the theory that defendants failed to comply with §§ 2923.5 and 2923.55, it is subject to dismissal without leave to amend.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 2004) (holding leave to amend need not be granted where amendment of complaint would "constitute[] an exercise in futility") (internal quotation and citation omitted).

As an additional ground for cancellation of the SOT and NOTS, Huweih relies on defendants' alleged breach of "[p]aragraph 24 of the [DOT]."  (See Compl. ¶ 56).  As set forth above, however, Huweih has failed to plead sufficient facts to support her conclusory allegation that BofA sold her Loan before the SOT was recorded and, consequently, to the extent the Second Cause of Action is based on an alleged violation of paragraph 24, such claim is subject to dismissal with leave to amend.

Lastly, Huweih seeks cancellation of the NOD and NOTS based on an alleged failure by defendants to "comply with Cal. Civil Code § 2924.17" (see Compl. ¶ 60), which requires a mortgage servicer to "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information," see Cal. Civ. Code § 2924.17(b).  Huweih fails, however, to allege sufficient facts to support her conclusory assertions that U.S. Bank failed to deliver to Summit the DOT and "documents evidencing obligations secured" (see Compl. ¶ 60) and that Summit "never verified any of the statements made" in the NOD and NOTS (see id).  See Iqbal, 556 U.S. at 678-79.  Consequently, to the extent the Second Cause of Action is predicated on the theory that defendants failed to comply with § 2924.17, it is subject to dismissal with leave to amend.

In sum, the Second Cause of Action is subject to dismissal with leave to amend as set forth above.

//

---

real properties in California in the last year, while section 2923.55 is for entities that foreclosed on more than 175") (internal quotation and citation omitted).

### C. Third Cause of Action: "Violation of Bus. and Prof. Code § 17200, Et. Seq."

In the Third Cause of Action, Huweih alleges defendants have "engag[ed] in unfair, unlawful, and fraudulent business practices" (see Compl. ¶ 64) in violation of Cal. Bus. and Prof. Code § 17200 (see id. ¶ 68).

To the extent the Third Cause of Action is based on allegations that defendants' acts and practices "are unfair" and that "the harm caused [thereby] outweighs any benefit that their conduct may have" (see id. ¶ 74), or that such acts and practices "are likely to deceive members of the public" (see id. ¶ 73), the cause of action is subject to dismissal with leave to amend to allege facts sufficient to support those conclusory allegations. See Iqbal, 556 U.S. at 678-79.

To the extent the Third Cause of Action is based on an allegation that defendants failed to "compl[y] with California's foreclosure prevention[] laws" (see Compl. ¶ 65), such cause of action is subject to dismissal with leave to amend for the reasons stated herein with respect to the Second, Fourth, Sixth, and Seventh Causes of Action.[7]

Accordingly, the Third Cause of Action is subject to dismissal with leave to amend as set forth above.

### D. Fourth Cause of Action: "Violation of Civil Code § 2924(a)(6) & 2924(f)"

In the Fourth Cause of Action, Huweih alleges defendants violated § 2924(a)(6) by recording the NOD without "a beneficial interest" or sufficient "authority" (see Compl. ¶¶ 82-83) and violated § 2924f(b)[8] by failing to post a "valid NOTS . . . within the twenty days required" by § 2924f(b).

With respect to § 2924(a)(6), Huweih's claim is predicated on her allegation that "U.S. Bank does not hold a beneficial interest" (see Compl. ¶ 82) because, according to

---

[7] To the extent Huweih also alleges defendants' breach of paragraph 24 of the DOT resulted in a violation of California Penal Code §§ 115 and 532f(a)(4), which make it a crime to file a false document with a public agency, the claim likewise fails.

[8] The citation in the complaint to § 2924(f)(b) appears to be a typographical error, as no such subsection exists.

Huweih, the assignment of the DOT to U.S. Bank was void. As set forth above with respect to the Second Cause of Action, such assertion lacks supporting facts, and consequently, to the extent the Fourth Cause of Action is predicated thereon, it likewise is subject to dismissal with leave to amend.

With respect to § 2924f(b), to the extent Huweih alleges said statute was violated because "none of the entities that executed the NOTS had the authority to execute the NOTS" (see Compl. ¶ 84), the claim likewise is subject to dismissal with leave to amend for the reasons set forth above with respect to the Second Cause of Action. To the extent Huweih alleges § 2924f(b) was violated because the NOTS was "not posted on [Huweih's] [p]roperty within 20 days" of the date of the sale (see Compl. ¶ 15), the claim is subject to dismissal for the reason that she has failed to allege how she was prejudiced by such procedural defect, see Orcilla v. Big Sur, Inc., 244 Cal. App. 4th 982, 1002 (2016) (holding "[t]o successfully challenge a foreclosure sale based on a procedural irregularity . . . , the plaintiff must show that the irregularity caused him or her prejudice"), nor is any prejudice otherwise apparent from the complaint, given that no sale has yet to occur, the date previously set for the foreclosure sale would appear to have expired (see Compl. Ex. D (setting November 18, 2015 as date of sale)), and there is no allegation that a new date has been selected.

Accordingly, the Fourth Cause of Action is subject to dismissal with leave to amend as set forth above.

**E. Fifth Cause of Action: "Declaratory Relief"**

In the Fifth Cause of Action, Huweih seeks declaratory relief as to the "duties and obligations of the respective parties with regard to the Loan and/or the foreclosure." (See Compl. ¶ 86). The claim is based on Huweih's allegations that: (1) U.S. Bank did not have an "interest in the loan" and improperly substituted Summit as trustee; (2) defendants violated Cal. Civ. Code §§ 2923.5 and 2923.55; (3) the NOD and NOTS were inaccurate; and (4) defendants failed to comply with ¶ 22 of the DOT. (See id. ¶ 89).

A declaratory relief claim is "unnecessary where an adequate remedy exists under

some other cause of action." See Mangindin v. Washington Mutual Bank, 637 F.Supp.2d 700, 707 (N.D. Cal., 2009). Here, each ground on which Huweih bases her claim for declaratory relief is set forth in one or more of her other claims, rendering the Fifth Cause of Action "duplicative and unnecessary," see id. at 708.

Accordingly, the Fifth Cause of Action is subject to dismissal without leave to amend.

**F. Sixth Cause of Action: "Violation of California Civil Code § 2923.5 & § 2923.55"**

In the Sixth Cause of Action, Huweih alleges defendants violated §§ 2923.5 and 2923.55 by recording the NOD "without a declaration that complied with" such provisions (see Compl. ¶ 97) and failing to "contact [Huweih] before recording the NOD" (see id. ¶ 100).

To the extent the Sixth Cause of Action is based on the theory that defendants recorded the NOD without a proper declaration, it is not subject to dismissal, as such declaration need only "track the language of the statute itself," see Mabry, 185 Cal. App. 4th at 235, and the declaration challenged here tracks the language of § 2923.55, see Cal. Civil Code § 2923.55(c); (Compl. Ex. E) ("The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence.").

To the extent the Sixth Cause of Action is based on Huweih's allegation that defendants "did not contact [her] prior to recording the [NOD]" (see Compl. ¶ 100), it is subject to dismissal, as Huweih fails to adequately describe the circumstances surrounding such alleged lack of contact. See, e.g., Newman v. Bank of New York Mellon, No. 1:12-CV-1629 AWI GSA, 2013 WL 1499490, at *11 (E.D. Cal., Apr. 11, 2013) (finding plaintiff failed to plead violation of § 2923.5 where complaint included no facts showing "(1) he did not receive mail or telephone calls from the mortgage servicer/lender regarding assessing his financial situation and exploring alternatives to foreclosure; (2) he was not purposefully avoiding corresponding with the mortgage servicer/lender, and;

(3) he could have been contacted if due diligence had been exercised").[9]  Moreover, as no date appears to have been set for a foreclosure sale, and, as discussed above with respect to the Second Cause of Action, the only remedy available under both §§ 2923.5 and 2923.55 is postponement of the foreclosure sale, it is "not clear what remedy plaintiff can pursue at this stage of the litigation." See Garcia v. PNC Mortgage, No. C 14-3543 PJH, 2015 WL 534395, at *4 (N.D. Cal., Feb. 9, 2015).

Accordingly, the Sixth Cause of Action is subject to dismissal with leave to amend.

**G. Seventh Cause of Action: "Violation of California Civil Code Section 2923.6"**

The Seventh Cause of Action is based on an allegation that "[Huweih] submitted a loan modification application with the financial information on October 20, 2015" and "has not received any written documentation from the servicer that she has been denied since submitting her application." (See Compl. ¶ 112).

Section 2923.6(c) precludes defendants from "record[ing] a notice of default or notice of sale, or conduct[ing] a trustee's sale, while [a borrower's] complete first lien loan modification application is pending." See Cal. Civ. Code § 2923.6(c).  Here, Huweih alleges her application was submitted on October 20, 2015 (see Compl. ¶ 112), a date subsequent to the dates on which the NOD and NOTS were recorded (see Compl. Ex. E (reflecting NOD recordation date of July 17, 2015), Ex. D (reflecting NOTS recordation date of October 16, 2015)), and, as noted above, no trustee's sale has been conducted.  Moreover, Huweih fails to allege the application she submitted was "complete," as required by § 2923.6(c).  See Iqbal, 556 U.S. at 678-79.

Accordingly, the Seventh Cause of Action is subject to dismissal with leave to amend.[10]

---

[9] To the extent Huweih points to facts she included in a declaration filed in state court (see Opp. at 11:13-20), her reliance thereon is unavailing, as those facts have not been pleaded in the complaint.

[10] In light of the findings set forth in each of the above sections, the Court does not address herein defendants' additional arguments in support of dismissal.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED as follows:

1. To the extent defendants seek dismissal of the Fifth Cause of Action, said cause of action is DISMISSED without leave to amend.

2. To the extent defendants seek dismissal of the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action, said causes of action are DISMISSED with leave to amend as set forth above. Should Huweih wish to file an amended pleading, her First Amended Complaint shall be filed no later than February 17, 2017.

**IT IS SO ORDERED.**

Dated: January 30, 2017

MAXINE M. CHESNEY
United States District Judge