1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5              FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   AMAL HUWEIH,                                Case No. 16-cv-00421-MMC

8              Plaintiff,

9        v.                                     **ORDER GRANTING DEFENDANTS'
                                                MOTION TO EXPUNGE NOTICE OF
10  US BANK TRUST, N.A. AS TRUSTEE              PENDENCY OF ACTION AND FOR
    FOR LSF9 MASTER PARTICIPATION              AWARD OF ATTORNEY'S FEES**
11  TRUST, et al.,
                                                Re: Dkt. No. 32
12              Defendants.

13        Before the Court is the "Motion to Expunge Notice of Pendency of Action or

14  Require a Bond," jointly filed December 19, 2016, by defendants U.S. Bank Trust, N.A.,

15  as Trustee for LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Summit

16  Management Company, LLC.   Plaintiff Amal Huweih ("Huweih") has filed opposition, to

17  which defendants have replied.[1]  Having read and considered the papers filed in support

18  of and in opposition to the motion, the Court rules as follows.[2]

19                              **BACKGROUND**

20        On December 21, 2015, Huweih filed the instant action in state court, alleging in

21  her complaint that she owned certain real property in Livermore, California, and that

22  defendants had instituted non-judicial foreclosure proceedings without having a legal right

23

24        _____

          [1] The chambers copy of defendants' reply was submitted in double-sided format.
25  Defendants are reminded that all hard copies must be submitted in single-sided format.
    See Civil L.R. 3-4(c)(2) (providing "text must appear on one side only" of papers
26  presented for filing); Standing Orders For Civil Cases Assigned to the Honorable Maxine
    M. Chesney ¶ 2 (providing chambers copies "shall be submitted . . . in single-sided
27  format").

28        [2] By order filed January 20, 2017, the Court took the matter under submission.

1   to do so.  (See Compl. ¶¶ 2, 16; Compl. Ex. A.)  Also on December 21, 2015, Huweih

2   recorded with the Alameda County Recorder a "Notice of Pendency of Action - Lis

3   Pendens" (hereinafter, "Notice"), stating therein that the Livermore property was the

4   subject of litigation.  (See Defs.' Req. for Judicial Notice, filed Dec. 19, 2016, Ex. C.)  On

5   January 25, 2016, defendants removed the instant action to federal court on the basis of

6   diversity jurisdiction.  (See Not. Removal at 1.)  By order filed January 31, 2017, the

7   Court dismissed Huweih's complaint for failure to state a claim upon which relief could be

8   granted, with leave to file an amended complaint by February 17, 2017.  (See Order, filed

9   Jan. 31, 2017, at 12:8-9.)

## DISCUSSION

11          By the instant motion, defendants seek an order expunging the above-referenced

12   Notice, pursuant to California Code of Civil Procedure § 405.31 and § 405.32, or, in the

13   alternative, an order requiring Huweih to post an undertaking of at least $164,153 as a

14   condition of maintaining the Notice, pursuant to § 405.34.  Additionally, defendants seek

15   to recover the attorney's fees they incurred in filing the instant motion.

16          **A. Expungement**

17          Under California law, "[a] party to an action who asserts a real property claim may

18   record a notice of pendency of action in which that real property claim is alleged."  See

19   Cal. Code Civ. Proc. § 405.20.   "At any time after notice of pendency of action has been

20   recorded, any party, or any nonparty with an interest in the real property affected thereby,

21   may apply to the court in which the action is pending to expunge the notice."  See id.

22   § 405.30.  "Unlike most other motions, when a motion to expunge is brought, the burden

23   is on the party opposing the motion" to demonstrate expungement is not warranted.  See

24   Kirkeby v. Superior Court of Orange Cty., 33 Cal. 4th 642, 647 (2004).

25          Here, as defendants point out, one ground on which a notice of pendency of action

26   may be expunged is where "the pleading on which the notice is based does not contain a

27   real property claim."  See Cal. Code Civ. Proc. § 405.31.  A real property claim is one

28   "which would, if meritorious, affect . . . title to, or the right to possession of, specific real

United States District Court
Northern District of California

1   property," see id. ¶ 405.4, and which is "properly plead[ed]," see Kirkeby, 33 Cal. 4th at

2   647.  In this instance, although, as discussed above, Huweih's claims are subject to

3   dismissal, the Court has afforded Huweih leave to file an amended complaint (see Order,

4   filed Jan. 31, 2017, at 12:8-9) and, consequently, finds expungement of the Notice is not

5   at this time warranted under § 405.31.  See Gomez v. Plaza Home Mortg., Inc., No.

6   09cv2855-L (RBB), 2011 WL 940762, at *5 (S.D. Cal. Mar. 17, 2011) (denying motion to

7   expunge without prejudice to renewal, where plaintiff granted leave to amend complaint);

8   Figueiredo v. Loan, No. C 09-4784 BZ, 2010 WL 935323, at *2 (N.D. Cal. Mar. 15, 2010)

9   (same).

10      As defendants also point out, however, another ground on which a notice of

11  pendency of action may be expunged is where "the claimant has not established by a

12  preponderance of the evidence the probable validity of the real property claim."  See Cal.

13  Code Civ. Proc. § 405.32; see also id. § 405.1 (defining "claimant" as party "who asserts

14  a real property claim and records a notice of the pendency of action");  § 405.30

15  (providing claimant has "burden" to establish probable validity).  "Probable validity, with

16  respect to a real property claim, means that it is more likely than not that the claimant will

17  obtain a judgment against the defendant on the claim."  Id. § 405.3.

18      Here, Huweih argues she has "established a probability of prevailing on her claims

19  for violations of Cal. Civ. Code §§ 2923.5, 2923.55, and 2923.6." (See Opp. at 13:19-20,

20  13:25-26.)  In support thereof, however, Huweih refers only to the allegations in her

21  complaint.  (See id. at 13:20-24.)  She offers no "declarations [or] other admissible

22  evidence to establish by a preponderance of the evidence the probable validity of [her]

23  claims."  See Thomas v. Deutsche Bank Nat. Trust, No. 12-00472 CRB, 2012 WL

24  1600434, at *5 (N.D. Cal. 2012).  In such circumstances, the Court finds Huweih has

25  failed to meet her burden of establishing the probable validity of any claim asserted in her

26  complaint.  See  id. (holding claimant has "burden to come forward with declarations and

27  other admissible evidence"; granting motion to expunge where plaintiff "failed to produce

28  any evidence" in support of allegations in complaint) (emphasis in original).

1    Accordingly, to the extent defendants seek expungement of the Notice, the motion

2    will be granted.[3]

3    **B. Attorney's Fees.**

4    Under California law, "[t]he court shall direct that the party prevailing on any [such]

5    motion . . . be awarded reasonable attorney's fees and costs of making or opposing the

6    motion unless the court finds that the other party acted with substantial justification or that

7    other circumstances make the imposition of attorney's fees and costs unjust."  See Cal.

8    Code Civ. Proc. § 405.38.

9    Here, as noted, Huweih, in support of her filing of the Notice, has not submitted

10   any declaration or other evidence to demonstrate the merit of her claims, and nothing in

11   the record otherwise suggests the imposition of attorney's fees would be unjust.  Under

12   such circumstances, the Court finds defendants are entitled to an award of the

13   reasonable fees and costs they incurred in bringing the instant motion.

14   In that regard, defendants seek an award of fees in the amount of $3500,

15   comprising a total of ten hours at the hourly rate of $350.  In particular, as set forth in a

16   declaration filed by defendants in support of their request for fees, defendants seek an

17   award based on three hours expended in bringing the instant motion, as well as an

18   estimated additional three hours based on review of any opposition and preparation of a

19   reply plus four hours to prepare for and appear at a hearing.  (See Goldstein Dec. ¶ 3.)

20   The Court finds the hourly rate reasonable and, to the extent defendants seek an award

21   reflecting the three hours spent in preparing the motion, the Court finds such expenditure

22   of time likewise is reasonable.  (See id.)  To the extent defendants seek fees for an

23   additional seven hours of anticipated work, however, the Court finds defendants have

24   failed to show such an award is reasonable, in that no further declaration was submitted

25   after work pertaining to the opposition and reply had in fact been performed, and because

26

27   _____

28   [3] In light of the above ruling, the Court does not address herein defendants' alternative argument in support of a bond under § 405.34.

United States District Court
Northern District of California

4

the Court, as noted, took the motion under submission without conducting a hearing.

Accordingly, defendants will be awarded their attorney's fees and costs in the amount of $1050.

<strong>CONCLUSION</strong>

For the reasons stated above, defendants' motion is GRANTED, as follows:

1.  The Notice of Pendency of Action recorded December 21, 2015, in the Alameda County Recorder's office as instrument no. 2015332629, is hereby ordered EXPUNGED.

2.  Defendants are hereby AWARDED attorney's fees in the amount of $1050.

**IT IS SO ORDERED.**

Dated: January 31, 2017

MAXINE M. CHESNEY
United States District Judge